AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court
## For The District of Columbia

**UNITED STATES OF AMERICA**

**V.**

**RASHELLE HENDERSON**

**CRIMINAL COMPLAINT**

CASE NUMBER:

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From on or about April 2006 until March 2007, in the District of Columbia, and elsewhere the defendant did, knowingly conspire to transfer, possess or use a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of federal law, to wit, wire fraud, in violation of Title 18, United States Code, Sections 1028(a)(7) and (f). I further state that I am Ellen Ripperger, a Special Agent with the United States Secret Service, and that this complaint is based on the following facts:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

AUSA, Susan B. Menzer   (202) 514-6968

Ellen Ripperger, Special Agent
United States Secret Service

Sworn to before me and subscribed in my presence,

_____
Name & Title of Judicial Officer
Signature of Judicial Officer

at   Washington, D.C.
     City and State

Date: _____

## AFFIDAVIT IN SURRPORT OF CRIMINAL COMPLAINT

## AND ARREST WARRANTS

I, Ellen J. Ripperger, (hereinafter "affiant"), a Special Agent with the United States Secret Service (hereinafter USSS), having been duly sworn, depose and state as follows:

    A.    OBJECTIVE

    1.    Based upon the facts set forth in this affidavit, your affiant submits that there is probable cause to believe that Rashelle HENDERSON and Tashana CREWS conspired together to knowingly transfer, possess or use, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, *to wit*, wire fraud, in violation of 18 U.S.C. Sections 1028 (a)(7) and (f).

    B.    CREDENTIALS

    1.    Affiant is a USSS Special Agent assigned to the Washington Field Office's Metro Area Fraud Task Force. Affiant has been a USSS Special Agent for approximately six years. My duties include, but are not limited to, the investigation of alleged criminal statutes which involve identity theft, credit card fraud, bank fraud, and the preparation, presentation, and service of criminal complaints, arrest and search warrants. Affiant is a federal law enforcement officer under applicable provisions of the United States Code and under Rule 41(a) of the Federal Rules Procedure.

    C.    SOURCE OF EVIDENCE

    1.    The facts set forth in this affidavit are based upon affiant's personal knowledge, knowledge obtained during my participation in this investigation, including the review of documents related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and

information gained through my training and experience.  Since this affidavit is being submitted for the limited purpose of supporting a criminal complaint and arrest warrant, I have not included every fact known to me concerning this investigation.  I have set forth only those facts that I believe are necessary to establish probable cause that the individuals named herein have violated the statutes set forth above in paragraph A.

    D.    RELEVANT STATUTE

Title 18, United States Code, Sections 1028 (a) (7) and (f), provides, in relevant part:

    (a)    Whoever, in a circumstance described in subsection (c) of this section-

    (7)    knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law,

shall be punished as provided in subsection (b) of this section.

    (d)    In this section and section 1028A --

    (7)    the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any

    (A)    name, social security number, date of birth . . .

    (f)    Attempt and conspiracy. - Any person who attempts or conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

    E.    FACTUAL BACKGROUND

1.    From April 2006 until March 2007, Rashelle Lynette HENDERSON (hereinafter referred to as "HENDERSON") worked as a Program Support Specialist with the District of Columbia Public Schools (hereinafter referred to as "DCPS").  HENDERSON worked

in DCPS's Office of Workforce and Professional Development, located at 215 G Street, N.E., Washington, D.C.  HENDERSON primarily worked in an administrative capacity performing data-entry.  She regularly had access to documents that contained the name, date of birth, and Social Security Number of DCPS personnel or those applying to become DCPS personnel.

2. Tashana Elizabeth CREWS (hereinafter referred to as "CREWS") and HENDERSON were friends.  They previously worked in the same shoe store in Prince George's Plaza, Prince George's County, MD.

3. During HENDERSON's employment with DCPS, CREWS lived at Xxxxxxx xxxxxxxxxxxxxxxxxxxxxxxxxWashington, D.C. and used the email address nikeboothoney@yahoo.com to communicate via the Internet.  CREWS provided HENDERSON with her password to this email account so that HENDERSON could also access this email account.  HENDERSON also sent CREWS emails from HENDERSON's own email account, buggsb99@yahoo.com.  HENDERSON sent CREWS many emails that contained the personal identifiers of DCPS personnel or applicants who had previously completed documentation for DCPS's Office of Workforce and Professional Development.   Once CREWS obtained the personal identifiers from HENDERSON, she would use her home computer to obtain lines of credit or credit cards in those individuals' names, which she used to purchase merchandise, pay for service related items, and obtain cash advances.  HENDERSON also used the personal identifiers to open accounts herself.

4. VICTIM 1: Victim 1 applied for employment with DCPS on 7/31/06.  Victim 1's application contained her personal identifiers.  During the execution of a search warrant at Crews' residence on 4/19/07, a copy of a Yahoo email containing Victim 1's personal identifiers was recovered.  Victim 1's personal identifiers were originally

emailed from nikeboothhoney@yahoo.com to nikeboothoney@yahoo.com on 9/19/06.

5.      Between 9/19/06 and 9/22/06, at least 11 attempts were made to obtain credit in Victim 1's name. One line of credit with Chase was opened successfully by HENDERSON. On 9/20/06, HENDERSON used this line of credit to place an order in the amount of $212.85 with www.backcountryusa.com for two boys' North Face Jackets. The package containing the jackets was sent next day air to Xxxxxxxxxxxxxxxxxxxx Washington, DC , which was then the residence of a relative of HENDERSON'S. The IP address for this transaction was 166.91.254.254, which was then registered to DCPS. The www.backcountryusa.com invoice for the purchase of the jackets was found in HENDERSON's vehicle when a search warrant was executed on it 5/25/07.

6.      <u>VICTIM 2</u>:  Victim 2 was an intern with DCPS from August of 2004 until December of 2004. During the execution of a search warrant on 5/25/07 at DCPS' Office of Workforce and Professional Development, 215 G Street, NE, Room 108, Washington, DC, a fingerprint verification form containing Victim 2's identifiers was recovered from HENDERSON's desk. In addition, Victim 2's entire student teaching application was recovered from a filing cabinet adjacent to HENDERSON's desk.

7.      On 6/22/06, an email was sent from nikeboothoney@yahoo.com to nikeboothoney@yahoo.com containing the personal identifiers of Victim 2.

8.      On 10/17/06, an order in the amount of $607.96 was placed with www.music123.com. The transaction was paid for using a Chase credit card that had been issued in the name of Victim 2. Musical equipment, to include a drum machine and guitar chords, was shipped via FedEx, to CREWS' residence, located at Xxxxxx xxxxxxxxxxxxxxxx Washington, DC. These items were recovered during the execution of a search warrant at CREWS' residence on 4/19/07. Additionally, on 10/27/07,

CREWS used the same Chase credit card in the name of Victim 2 to obtain a $400.00 cash advance at a PNC Bank automatic teller machine on South Capitol Street, SE near CREWS' home.  The application for the Chase account shows that it was opened using the email address nikeboothoney@yahoo.com and a billing address of Xxxxxxxx xxxxxxxxxxxxxxxxxx Washington, DC.  The Chase statements show an outstanding balance of $5,500 and numerous purchases made for items such as clothes, shoes, pizza, gift cards, credit monitoring, and other goods and services.  Victim 2 did not make these purchases.

9. A review of Victim 2's credit reports also showed that numerous other unauthorized accounts had been opened in her name, including four GE Money Bank lines of credit with IKEA, Banana Republic, Gap, and International Music, Dell Computer, Bombay Company, T-Mobile, and Cingular Wireless.

10. <u>VICTIM 3</u>: In late November 2006, a DCPS teacher's aide went to the DCPS Office of Workforce and Professional Development to complete an application to take the national Praxis exam to obtain a teacher aide licensing certification.  The Praxis application contained Victim 3's name, date of birth, and Social Security Number.

11. On December 5, 2006, HENDERSON sent an email from her buggsb99@yahoo.com account to CREWS' nikeboothoney@yahoo.com account containing the personal identifiers of Victim 3.

12. On January 10, 2007, CREWS provided Victim 3's Social Security number and a misspelled version of her name to Wells Fargo Financial to finance a $1,991.96 purchase from www.music123.com.  On January 18, 2007, the purchased items were shipped via FedEx to CREWS' home, located at Xxxxxxxxxxxxxxxxxxxxxxxxxx Washington, DC.  A review of the Wells Fargo account information showed that the

account was opened using email address nikeboothoney@yahoo.com with a billing address of Xxxxxxxxxxxxxxxxx Washington, DC.

13.    On 2/9/07, a 1995 Ford Taurus registered to CREWS in the District of Columbia was brought to Goodyear, 5406 Indian Head Highway, Oxon Hill, MD, for service.  The servicing of the vehicle, which cost $90.18, was paid for using a Goodyear credit card fraudulently obtained in Victim 3's name.

14.    On 2/27/07, a 1996 Chevrolet Lumina registered to CREWS in the District of Columbia was brought to Sullivan's Goodyear Gemini, 9205 Livingston Road, Ft. Washington, MD, for service.  The servicing of the vehicle, which cost $406.46, was paid for using the same Goodyear card in Victim 3's name.  CREWS was identified by an employee in a photo spread as the person using the fraudulently obtained Goodyear card.

15.    On 1/11/07, a Wells Fargo Financial line of credit was obtained in the name of Victim 3 to purchase items from People's Furniture.  A review of the Wells Fargo documentation shows that email address nikeboothoney@yahoo.com was used to open the account.  An order for various pieces of furniture, including bunk beds, was made in the amount of $5,011.22.  The shipping address for this order was Xxxxxxxx xxxxxxxx Washington, DC.

16.    A review of Victim 3's credit reports also showed that numerous other unauthorized accounts had been opened in her name, to include Capital One, Citi Goodyear, Bank of America, and Spiegel Brands, Inc.

17.    Between 4/19/07 and 5/25/07, HENDERSON and CREWS admitted to conspiring to steal personal identifiers, which they subsequently used to establish lines of credit and open credit card accounts in order to purchase items on-line.  Both CREWS and HENDERSON explained that HENDERSON's role was to email personal

identifiers to CREWS using the nikeboothoney@yahoo.com email address while both CREWS' and HENDERSON opened lines of credit and/or credit cards.

18. In total, the identities of 65 DCPS personnel were stolen, at least 30 accounts were opened, and goods worth at least $40,000 were obtained fraudulently.

F. <u>CONCLUSION</u>

1. Based upon the aforementioned, affiant respectfully submits that there is probable cause to believe that HENDERSON and CREWS have engaged in the crimes set forth in Paragraph A, above. Wherefore, affiant respectfully requests that a complaint and a warrant be issued authorizing the arrests of RASHELLE LYNETTE HENDERSON and TASHANA ELIZABETH CREWS for the above stated violations of Title 18, United States Code, Section 1028 (a)(7) and (f) .

_____

_____

Ellen J. Ripperger
USSS Special Agent

Sworn to and subscribed before me this \_\_\_\_ day of May, 2008

_____
United States Magistrate Judge
District of Columbia